DAVIS & HATCHER *vs.* THE CENTRAL RAILROAD *et al.*

1. Whether or not, where a bull was killed on the track of one rail-road by the train of another company, which was permitted to run thereon, a suit could be brought against both companies jointly, and whether or not it was proper to require the plaintiff to elect against which company he would proceed, no injury resulted from the ruling in this case.  The plaintiff having elected to proceed against the company whose train caused the injury, if that com-pany was not liable, the company which merely owned the track would not be so.

2. After a case has been closed and the argument has commenced, whether or not it will be re-opened to allow proof of new facts, is a matter of discretion; and where it appeared that the new facts sought to be proved, though previously unknown to counsel, were known to their client, and that the witnesses for the adverse party had left the court, there was no abuse of discretion in refusing to re-open the case.

3. In an action for damages against a railroad company, resulting from the running of its engine and cars, if the engineer were intro-duced as a witness and the fireman were unaccounted for, this might authorize an inference on the part of the jury against the road, and they might believe that the fireman had been kept away because he knew something which might be detrimental to the company, but they were not compelled so to believe, and could believe the testimony of the engineer if they saw proper; and where the fireman was accounted for and produced in court, where he could have been examined by the plaintiff, such an inference could not be drawn because he was not sworn.

December 1, 1885.

Railroads.   Damages.   Negligence.   Presumptions. Practice in Superior Court.   Before Judge SIMMONS.   Bibb Superior Court.   April Term, 1885.

Reported in the decision.

HILL & HARRIS; FELTON & BAXTER, for plaintiffs in error.

LYON & GRESHAM; J. B. CUMMING; HARDEMAN & DAVIS, for defendants.

BLANDFORD, Justice.

This was an action brought by plaintiffs against defendants to recover damages f)r the killing of a bull, the property of plaintiffs, upon the road and track of the Central Railroad, by the careless and negligent running of an engine and cars of the Georgia Railroad on said track.   The plaintiffs were sworn, and testified to the killing of the bull near the track of the Central Railroad, and it was shown that this was done by a train of cars belonging to the Georgia Railroad, and that the servants of the company had used all ordinary and reasonable care and diligence to prevent the injury.   The court required the plaintiffs to elect which road they would proceed against, to which plaintiffs objected, which was overruled by the court, and they elected to proceed against the Georgia Railroad, and the court discontinued the case as to the Central Railroad, to which plaintiffs objected.

After the argument had commenced, when the testimony had closed, the plaintiffs offered to recall Davis, one of the plaintiffs, who had testified in the case, to prove that a train heavily laden, running at a high rate of speed, had been waved down near where this injury had occurred, and had stopped its train within two hundred and fifty yards, the counsel of plaintiffs stating that they did not know of this fact until then, but the

same was known to Davis, their client. The defendant's attorney objected, stating that his witnesses had been discharged and had left the court. The court sustained this objection, and refused to open the case and allow the witness to be recalled. A verdict was rendered for the defendant, and the plaintiffs moved the court for a new trial, alleging as error these several rulings of the court. This motion was denied, and these rulings are assigned as error.

1. It may be that, under the facts of this case, the defendants may be joined in the same action, and that the court may have committed error in requiring the plaintiffs to elect which one of the defendants they would proceed against; but we do not rule that any such error was committed in this case, as we are satisfied that the plaintiffs were in no manner hurt by the direction which the court gave the case. If the Georgia Railroad, which was permitted by the Central Railroad to use its track, and which did the damage of which the plaintiffs complain, was not liable, then the Central is not liable ; and as it appears from plaintiffs' declaration that the Georgia Road did the damage, the liability of the Central depended upon that of the Georgia Road, and the jury having found that the Georgia Road was not liable, it is clear that the Central Road is not liable; hence, there was no hurt in discontinuing the case as to the Central Road. While an action might be mentioned against both railroads, a cautious pleader would very likely bring separate actions against these defendants under similar circumstances.

2. The next ground of error is that the court erred in refusing to allow the case to be opened, so as to permit Davis to testify as stated. This was a matter resting in the discretion of the presiding judge, who was charged with the conduct of the trial of the case. Davis was negligent in not communicating to his counsel what he knew, so that they might have examined him fully when he was on the stand as a witness, and the court might have refused his

re-call on this account, but it was shown that defendant's witness had left the court.    Under these circumstances, we think that the discietion of the court in this particular was wisely exercised.

3. It is further contended that, as the defendant only introduced the engineer as a witness to prove diligence on the part of the railroad company, and did not introduce the fireman, the court should have granted a new trial for this reason.    It appeared that the defendant accounted for the fireman and produced him in court, when he might have been examined as a witness by plaintiffs.    If the fireman had not been accounted for by the defendant, then the jury, on the trial of the case, might have inferred that he had been kept away because he knew something which might have been damaging to defendants; but they might have believed the engineer; the absence of the fireman was a circumstance only which might have authorized an inference against the road, but did not compel the jury to so infer; they had the right, if they chose, to believe the engineer.    But under the circumstances of this case, the fireman being present and open to plaintiffs, no inference could be drawn against defendant, because he was not sworn.    There is no error disclosed by this record.

Judgment affirmed.